(Rev. 03/05)

# United States District Court
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case Number: 05-CR-896-4 |
| ) | Judge: Wayne R. Andersen |
| MIGUEL RAMIREZ ) | |

Charles D. Ingles, Defendant's Attorney
Jacqueline Stern, AUSA

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT ENTERED A PLEA OF:**

guilty to Count( TWO (2) of the INDICTMENT, which was accepted by the court.

The remaining Count are dismissed.

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) | Possession with intent to distribute a controlled substance | 11/2005 | TWO (2) |

The defendant is sentenced as provided in the following pages of this judgment.

RAMIREZ, MIGUEL  
5 CR 896-4

## IMPRISONMENT

**IT IS THE JUDGMENT OF THIS COURT THAT:**

the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **THIRTY-THREE (33) MONTHS.**

The Court recommends to the Bureau of Prisons:

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for the periods specified for each count of conviction.

The defendant is sentenced on all count(s) of conviction, namely, Count TWO (2) to a period of FOUR (4) years of Supervised Release.

Based on the defendant's inability to pay, the costs of incarceration are waived.

The defendant shall report immediately to the probation office in the district in which the defendant is to be supervised, but no later than seventy-two hours after sentencing. In addition, see the attached page(s) defining the mandatory, standard and discretionary conditions of probation that apply in this case.

RAMIREZ, MIGUEL  
5 CR 896-4

## MANDATORY CONDITIONS OF SUPERVISED RELEASE
### (as set forth in 18 U.S.C. § 3583 and U.S.S.G. § 5D1.3)

1) For any offense, the defendant shall not commit another federal, state or local crime;

2) for any offense, the defendant shall not unlawfully possess a controlled substance;

3) for offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter for use of a controlled substance as determined by the court;

4) for a domestic violence crime committed on or after September 13, 1994, as defined in 18 U.S.C. § 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a rehabilitation program in accordance with 18 U.S.C. § 3583(d);

5) for a defendant classified as a sex offender pursuant to 18 U.S.C. § 4042(c)(4), the defendant shall comply with the reporting and registration requirements set forth in 18 U.S.C. § 3583(d);

6) the defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 and the Justice for All Act of 2004; and

7) The defendant shall pay any balance on the special assessment, restitution and/or fine imposed against the defendant.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1) For any felony or other offense, the defendant shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer (travel outside the continental United States requires court authorization);

3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall provide to the probation officer access to any requested financial information including, but not limited to, tax returns, bank statements, credit card statements, credit applications, etc.;

6) the defendant shall support his or her dependents and meet other family responsibilities;

7) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

8) the defendant shall notify the probation officer ten (10) days prior to any change in residence or employment;

9) the defendant shall refrain from excessive use of alcohol;

10) the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as requested by the probation officer to determine the use of any controlled substance;

11) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

RAMIREZ, MIGUEL
5 CR 896-4

Page 4 of 8

12) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

13) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

14) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

15) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

16) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

17) if this judgment imposes a special assessment, restitution or a fine, it shall be a condition of probation or supervised release that the defendant pay any such special assessment, restitution or fine in accordance with the court's order set forth in the Criminal Monetary Penalties sheet of this judgment.

Other conditions imposed by the court:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and random drug tests thereafter, not to exceed 104 tests per year. The defendant shall not possess a firearm or destructive device. The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office. In addition, the defendant shall comply with the following special conditions. As a condition of his supervised release, upon completion of his imprisonment, the defendant is to be surrendered to a duly authorized official of the Department of Homeland Security for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, the defendant shall not re-enter the United States without obtaining, in advance, the express written consent of the Attorney General or the Secretary of the Department of Homeland Security. It not immediately taken into custody by immigration officials for deportation and removal proceedings, the defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

RAMIREZ, MIGUELPage 5 of 8
5 CR 896-4

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the "Schedule of Payments." Unless waived, the defendant shall pay interest on any restitution and/or fine of more than $2,500, unless the restitution and/or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). The payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| **Total Assessment(s)** | Total Fine | Restitution | **Mandatory Costs of Prosecution** |
|---|---|---|---|
| **$100.00** | Fine Waived | $ | $ |

The defendant shall notify the United States Attorney's Office having jurisdiction over the defendant within thirty days of any change of name, residence or mailing address until all special assessments, restitution, fines, and costs imposed by this judgment are fully paid.

## SCHEDULE OF PAYMENTS

- Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs. If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.

- All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate financial Responsibility Program, are to be by money order or certified check payable to the Clerk of the Court, U.S. District Court, unless otherwise directed by the Court.

- Unless waived, the defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the same is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). Payment options included herein may be subject to penalties of default and delinquency pursuant to 18 U.S.C. § 3612(g).

- Pursuant to 18 U.S.C. §§ 3613(b) and ©) and 3664(m), restitution and/or fine obligations extend for twenty years after release from imprisonment, or from the date of entry of judgment if not sentenced to a period of imprisonment.

Payment of the total criminal monetary penalties shall be due as follows:

      In full:

      Due immediately.

Pursuant to 18 U.S.C. § 3664(k) the defendant must notify the court of any material changes in the defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Pursuant to 18 U.S.C. § 3664(n), if a person is obligated to provide restitution, or pay a fine, received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

RAMIREZ, MIGUEL
5 CR 896-4

The defendant is immediately remanded to the custody of the United States Marshal.

Date of Imposition of Judgment/Sentencing: December 7, 2006

WAYNE R. ANDERSEN
UNITED STATES DISTRICT JUDGE

Dated at Chicago, Illinois this ____ day of December, 2006